UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LY T. HA, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | )   Civil No. 05-61-B-W |
| | ) |
| JEFFERY MERRILL, | ) |
| | ) |
|     Respondent | ) |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Ly T. Ha has filed a 28 U.S.C. § 2254 petition which presents three grounds pertaining to the revocation of his probation by the state court on February 18, 2003. The State has responded with a motion to dismiss arguing that Ha's 28 U.S.C. § 2254 petition is time barred under 28 U.S.C. § 2244(d), that Ha did not exhaust his claims by lodging a discretionary 17-A M.R.S.A. § 1207(2) appeal, that any attempts to properly exhaust them would be time-barred under state law, and, in the alternative, that the claims are without merit. (Docket No. 5.) For the following reasons I recommend that the Court **DENY** Ha 28 U.S.C. § 2254 relief.

*Discussion*

*The 28 U.S.C. § 2244(d) Inquiry*

Under Maine law, Ha had twenty-one days to file notice of his discretionary appeal of his probation revocation. That period expired on March 10, 2004. Section 2244(d)(1)of title 28 of the United States Code provides that a one-year period of limitation applies to a § 2254 application for a writ of habeas corpus running from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1). Ha filed this 28 U.S.C. § 2254 petition on April 21, 2005, forty-two days after his § 2244(d)(1) year lapsed.

More than seven months after his revocation Ha did file a petition for post-conviction review in the state court which was denied, the court observing that challenges to probation revocation were expressly excluded from 15 M.R.S.A. § 2121(2) by 15 M.R.S.A. § 2122. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However: "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for other collateral review of the judgment or claim." Rodriguez v. Spencer, 412 F.3d 29, 36 (1st Cir. 2005). As the post-conviction court made clear,[1] the grounds raised in Ha's post-conviction review petition were not cognizable post-conviction grounds. This term the United States Supreme Court issued Pace v. DiGuglielmo, __ U.S. __, 125 S. Ct. 1807 (2005) which addressed the meaning of "properly filed" under 28 U.S.C. § 2244(d)(2). "Pace," the First Circuit has since observed, "signals that the state court's reasoning in disposing of the filing may be considered by the federal courts in determining whether the application was 'properly filed' for purposes of tolling." Rodriguez v. Spencer, 412 F.3d at 36 (citing Pace, 125 S. Ct. at 1812-13); see also id. ("Pace requires [the 28 U.S.C. § 2254 court] to look beyond the mechanical exercise of filing and engage in case-by-

---

[1] The court noted that the statute of limitations as to the underlying criminal violations had also expired.

2

case scrutiny of the state court's disposition of that state filing to determine whether AEDPA's tolling provision applies."). It is evident that Ha's petition for post-conviction review apropos his probation revocation proceeding did not trigger the 28 U.S.C. § 2244(d)(2) statutory tolling provision.

Ha does argue that he "kindly asked his court appointed attorney ... to lodge some type of appellate remedy to challenge the controversial forty-five (45) months [Ha] received from the sentencing probation revocation court" and that counsel "blatantly failed to file any notice or notify defendant of his right to appeal." Failure of counsel to file a proper notice of appeal to the Law Court might be the basis for an equitable (as opposed to statutory) tolling argument. See Neverson v. Farquharson, 366 F.3d 32 (1st Cir. 2004). However, the post-conviction court's November 15, 2004, order put Ha on notice that the post-conviction proceeding was not a proper avenue for challenging the revocation. At that juncture Ha, while he could no longer properly exhaust his federal claims, could have filed a 28 U.S.C. § 2254 petition that was timely within the meaning of 28 U.S.C. § 2244(d)(1). Instead, Ha waited over five months from that order. Even if he was properly awaiting the outcome of his efforts to appeal the post-conviction order, he still had forty-two days (about one eighth of his § 2244(d)(1) year) to timely file this rather straight-forward § 2254 petition. In his response to the State's motion to dismiss Ha does not attempt to explain why he was unable to file his federal petition in the time available to him.

### *The Failure of Ha's Ground on the Merits*

I further note that the only substantive claim that Ha brings apropos his revocation is ground one of this 28 U.S.C. § 2254 ground, as his second ground is an ineffective

3

assistance claim for not filing a notice of appeal and his third is an ineffective assistance claim that attributes "numerous errors committed before and after sentencing" but Ha does not explain what counsel's errors were.  See R. Governing Sec. 2254 Proceedings 2(c); United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993) ("When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing.  In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.")(citations omitted).[2]

In his first ground Ha asks if the revocation court committed obvious error in "breaching" Ha's right to have the collected urine sample tested by an independent lab.  Ha does not frame this as a constitutional challenge.  This court can only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It is conceivable that this claim could be construed as right to due process under the Fourteenth Amendment.  However, I could find no authority for the proposition that a court presiding over a probation revocation hearing must sua sponte order such a test prior to accepting an admission of guilt to a probation violation or that counsel would be ineffective for not requesting a second test in a situation where his client was not

---

[2]     In his unsworn response to the State's motion to dismiss, Ha writes:
> Based upon counsel's avid recommendation, it was highly verbally repeated to defendant/petitioner Ha , that he would waive any trial strategy and simply take the proffer agreement that should not lengthen his term of incarceration, along with the revocation of probation extended term of sentence.  Also, he would not have any probation after being fully discharged.  But as the Honorable Justice sought, this flatter of hope sentencing factors was never incorporated into the plea agreement.

(Pet'r's Resp. Mot. Dismiss at 2.)

4

challenging at the time of revocation the legitimacy of the test result.[3] Ha admitted to the court that he violated his probation (Probation Violation Tr. at 2) and during the sentencing expressed his regret, indicating that he was trying to "bury" himself "in substances" (Feb. 18, 2004 Tr. at 10-11). And even in this 28 U.S.C. § 2254 pleading Ha at no time denies that he violated his probation or asserts that he was actually innocent of the violation; rather in his petition and in his response to the motion to dismiss Ha lodges, in effect, a facial challenge to the idea that his (and other's) probation could be revoked on the basis of a single test by a probation officer. (See Pet'r's Resp. Mot. Dismiss at 3.) Accordingly, even if I concluded that Ha was entitled to equitable tolling apropos the 28 U.S.C. § 2244(d)(1) statute of limitation, I would recommend that the Court deny this petition under 28 U.S.C. § 2254(b)(2), which permits the federal court to deny claims "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[4]

### *Conclusion*

For the above reasons I recommend that the Court **DENY** Ha 28 U.S.C. § 2254 relief.

---

[3] In his unsworn response to the State's motion to dismiss, Ha writes:
> [T]here surely should have existed some reasonable doubt Petitioner Ha was in recent possession of narcotics and the "screened" urinalysis test conducted on him was adequately administered as a fact finding of beyond a reasonable doubt toward guilt. We cannot ignore the critical legal aspect, based on the collected urine sample, it clearly breached the recommend manufacturer instructions, of a single urine test the Department of Probation and Parole are using as a Screen test, and the conformation [sic] test to wrongfully convict defendants of possession of narcotics in their possession. This blatant "conformation [sic] test" is one element in the handful of pretrial structural errors that would of affected the outcome of a guilty verdict.

(Pet'r's Resp. Mot. Dismiss at 3; see also id. at 4.)

[4] With respect to the State's additonal argument that Ha has not properly exhausted his challenges and they are procedurally barred, following either of these recommended grounds for denying Ha 28 U.S.C. § 2254 relief makes it unnecessary to discuss, one, how Ha would exhaust his ineffective assistance claims with the Maine courts, see Ford v. Merrill, Civ. No. 04-150-B-W, 2005 WL 81609, *5 n. 5 (D. Me. Jan. 13, 2005), and whether or not the ineffective assistance claim for failing to properly appeal the revocation could establish "cause" for Ha's procedural default of his other grounds.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 19, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge